RECEIVED
ENTERED                 SERVED ON
COUNSEL/PARTIES OF RECORD

OCT - 7 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KAREN A. FORD-ABBOTT, | 3:07-cv-00526-BES (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| MICHAEL ASTRUE, Commissioner, Social Security Administration, | |
| | October 7, 2008 |
| Defendant. | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal of the commissioner's decision (#10). Defendant opposed and filed a cross-motion to affirm and in opposition of plaintiff's motion for reversal (#11). For the reasons set forth below, the court recommends that plaintiff's motion for reversal (#10) be denied and defendant's cross-motion to affirm (#11) be granted.

## I. ADMINISTRATIVE PROCEEDINGS

On February 21, 2002, plaintiff Karen Ford-Abbott ("plaintiff") filed an application for Social Security disability insurance benefits (AR 246-248). Plaintiff alleged disability based chronic immune dysfunctional disease; high blood pressure; hypothyroidism; arthritis; cervical dysplaisia; and depression (AR 216). Plaintiff's claim was denied initially (AR 214, 216-219), on reconsideration (AR 215, 220-225), and after hearings before Administrative Law Judge ("ALJ") Gregory O. Varo in Lexington, Kentucky (AR 58-67 (opinion); AR 83-155 (transcript)). Plaintiff requested administrative review on February 24, 2004, and on April 26, 2004, the Social Security Administration Appeals Council ("Appeals Council") vacated the ALJ's previous hearing determination and remanded the case for further proceedings (AR 240-242). On October 24, 2004, plaintiff testified in a second hearing before ALJ Mark C. Ramsey in Reno, Nevada

(AR 156-213 (transcript)). The ALJ found the plaintiff not disabled on January 27, 2005 (AR 23-41). On March 14, 2005, plaintiff requested administrative review (AR 21-22), but the Appeals Council denied review on September 6, 2007 (AR 11-13). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on November 5, 2007 (#1).

## II. BACKGROUND

Plaintiff was born on October 5, 1954, and was fifty years old at the time of her hearing (AR 160). Plaintiff completed high school and subsequently served for nine months in the United States Army (AR 162-163). Plaintiff's last employment was in 2001 as a "quality controller" in which she checked power supplies for a cable company (AR 168-170). Plaintiff's other past employment includes head baker in a cookie company, ticket taker at a movie theater, change person at a casino, janitor at a casino, cashier at a fast food restaurant, and assembly line worker assembling "front panels" for electronic "monitoring rotating machinery" (AR 164-168). Plaintiff alleges that she became disabled on December 1, 2001, due to fibromyalgia, chronic fatigue syndrome, diabetes mellitus, minimal narrowing in the cervical spine at C4-5, lumbar spine mild rotoscoliosis with minimal degenerative change, early degenerative disc disease at L5-S1, right hip minimal degenerative joint disease, a history of cervical dysplasia, obesity, and major depressive disorder (#10, p. 2).

The ALJ found the plaintiff not disabled because he found plaintiff capable of performing her past relevant work (AR 27). Specifically, the ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on December 1, 2001, the date the claimant stated she because unable to work, and continues to meet them through the present date.

2. The claimant has not engaged in substantial gainful activity since December 1, 2001.

3. The claimant has severe impairments due to a history of fibromyalgia and chronic fatigue syndrome; diabetes mellitus; minimal narrowing in the cervical spine at C4-5; lumbar spine mild rotoscoliosis with minimal degenerative change; early degenerative disc disease at L5-S1; right hip minimal degenerative joint disease; a history of cervical dysplasia; obesity; and a major depressive disorder, moderate. However, she does not have an impairment or combination of impairments listed in, or medically equal to

2

        one listed in Appendix 1, Subpart P, Regulations No. 4.

4.     The claimant's allegation that she is unable to perform all regular, sustained work activity is not supported by the objective evidence of record and is not credible.

5.     The claimant has the retained residual functional capacity to lift 10 pounds frequently and 20 pounds occasionally, sit six hours in an eight-hour day, and stand two hours in an eight-hour day. She requires a sit/stand option. She can occasionally stoop, kneel, crouch and crawl. She can occasionally climb ramps and stairs. From a mental standpoint, she cannot do complex work, but can do simple, unskilled work.

6.     The claimant's past relevant work as a movie ticket taker and fast food worker do not require the performance of the work-related activities precluded by the above limitations. (20 CFR 404.1565).

7.     The claimant's impairments do not prevent her from performing her past relevant work, as confirmed by the vocational expert testimony.

8.     In the alternative, based upon Rules 202.13-202.14 of the Medical Vocational Guidelines, contained in Appendix 2, Subpart P, Regulations No. 4, is [sic] found that a significant number of jobs exist that the claimant can perform, considering her age, education and work experience. (20 CFR 404.1563, 404.1564).

9.     The claimant was not under a disability, as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)(g)).

(AR 40-41).

### III.  STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279. "To determine whether substantial evidence

3

exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

## IV.   ANALYSIS

Plaintiff argues that the ALJ failed to resolve a conflict between the vocational expert ("VE") testimony and the dictionary of occupational titles ("DOT") (#10, p. 4). Defendant's position is that the ALJ properly found that plaintiff could perform her past relevant work as a movie ticket taker and a fast food worker (#11, p. 2).

### A.   Law

Pursuant to the SSA, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Administrative Law Judge considers: (1) whether the person is engaging in substantial gainful activity; (2) severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

There are certain situations where an ALJ must call a VE because an individual's residual functional capacity does not exactly coincide with a defined exertional range of work. SSR 83-12 *1. In situations where there is an unusual limitation of ability to sit or stand, an ALJ should call a VE to "clarify the implications for the occupational base." *Id.* *4. This occurs where an individual "is not capable of doing either the prolonged sitting contemplated in the definition of sedentary work...or the prolonged standing or walking contemplated for most light work." *Id.* Thus, if an individual's capabilities fall between categories because that individual is limited in his ability to sit or stand (requires a "sit/stand option"), the ALJ should call a VE to clarify the jobs available to the individual.

4

Social Security Regulation ("SSR") 00-4p governs the issue of a conflict between VE testimony and information contained in the DOT. SSR 00-4p (2000). The regulations states, in relevant part:

> Occupational evidence provided by a VE or a VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p at *2. The regulation further states that neither type of evidence – the DOT or the VE testimony – "'trumps' when there is a conflict." *Id*. The conflict is resolved by determining whether the explanation the VE proffers is "reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." *Id*. The purpose of the DOT, which "contains most, but not all, occupations," is to provide occupational definitions derived from "comprehensive studies of how similar jobs are performed in different workplaces." *Id*. An "occupation" is the collective description of the jobs. *Id*. Information not contained in the DOT about particular jobs can be obtained from other sources, particularly from a VE's experience in job placement and career counseling. *Id*. The DOT "lists the maximum requirements of a particular job as generally performed," but the VE can provide testimony regarding how that job is performed in a specific setting. *Id*. at *3.

When VE testimony contains information concerning the requirements of an occupation, the ALJ has the "affirmative responsibility to ask about any possible conflict between" the VE evidence and the DOT, and obtain a reasonable explanation. *Id*. at *4. The ALJ must resolve the conflict as well as explain in his or her decision how he or she resolved the conflict before relying on the VE's testimony to conclude that the claimant is not disabled. *Id*.

**B.     Discussion**

The ALJ found plaintiff not disabled at Step 4 of the five-step evaluation process (AR 39-40). In Step 1, the ALJ found that plaintiff had not been engaged in any substantial gainful activity

since December 1, 2001 (AR 27). In Step 2, the ALJ found that plaintiff's physical and mental impairments were severe. *Id*. In Step 3, the ALJ found that plaintiff had no impairment which met the criteria of any listed impairments. *Id*. In Step 4, the ALJ found that plaintiff could perform past relevant work, and thus, the ALJ found that the plaintiff was not disabled (AR 38-39). Although the ALJ found plaintiff to not be disabled in Step 4, he also analyzed her disability status under Step 5, and found that a significant number of jobs exist that the plaintiff can perform, considering her age, educational and work experience (AR 39). In sum, that ALJ found that plaintiff "retains the residual functional capacity to perform her past relevant work as a movie ticket take and fast food worker. Alternatively, there are significant jobs which exist in the economy which she can perform. Therefore, she is not disabled."

Plaintiff disputes the ALJ's finding plaintiff not disabled at step 4, and plaintiff argues that she should be found disabled at step 5 of the analysis. Specifically, plaintiff argues that the VE's testimony and evidence should be consistent with the occupational information supplied by the DOT, and that where there is an unresolved conflict between the two, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE evidence to support a determination or decision about whether the claimant is disabled" (#10, p. 4). In the event of a conflict, neither the VE or the DOT is automatically the principal piece of evidence, and such a conflict is resolved by demonstrating that the VE's testimony is reasonable and provides a basis for relying on it rather than the DOT. *Id.* at 5. Plaintiff contends that in this case, part of the VE testimony conflicts with the DOT, contrary to the ALJ's conclusion, and that the ALJ failed to provide a reasonable basis for relying on the VE's testimony instead of the DOT. *Id.*

The ALJ concluded that the plaintiff requires a "sit/stand option" and is limited to standing for only two hours in an eight-hour day. As a result and based on these hypothetical limitations, the VE testified that plaintiff could perform some of her past jobs, including movie ticket taker, fast food worker, and assembly line worker, as well as certain other jobs such as parking lot attendant, cashier II, and office helper. *Id.* Plaintiff asserts that the VE conceded under questioning that her testimony would deviate from the DOT because the DOT does not list

6

sit/stand options for any of the jobs it describes. *Id.* Plaintiff further claims that as to as to the parking lot attendant, cashier II, and office helper positions, the VE testified that her opinion was based on speaking with people performing these jobs, and her own independent knowledge and analysis. *Id.* at 5-6. Plaintiff further contends that the VE did not confirm or deny any independent knowledge outside the DOT that would support a sit/stand option for movie ticket taker, fast food worker, and assembly line worker. *Id.* at 6. Plaintiff contends that the ALJ failed to provide any basis for relying on the VE's testimony that plaintiff could perform such jobs in light of the fact that the DOT does not list a sit/stand limitation. *Id.*

Plaintiff's main concern is that even though the VE herself testified that her opinion deviates from the DOT, the ALJ did not resolve this conflict, nor did he provide any basis or analysis for concluding that the VE's testimony is consistent with the DOT (#10, p. 6). Plaintiff notes that while there may be sufficient reasons in the record to accept the VE testimony, the ALJ failed to list those reasons in his opinion in contravention of the social security regulations. *Id.* at 6 (citing SSR 004p). Plaintiff contends that the ALJ's failure to explain his reasons for relying on the VE's testimony in his opinion is "fatal to the eventual disability determination" and requests that this court remand the case to the ALJ to make the proper findings. *Id.* at 7; #12 at 2.

### 1. Past jobs

Defendant argues that while plaintiff may object to the VE's opinion that movie ticket taker and fast food worker occupations can be performed by individuals with limited to a sit/stand option, the Ninth Circuit has held, and social security policy states, that VEs are "particularly competent to testify as to specific limitations regarding sitting and standing" (#11, p. 2 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1103-4 (9th Cir 1999) and SSR 83-12)). Defendants also note the general principle that the ALJ may take administrative notice of "any reliable information, including information by a reliable vocational expert," and that no extra foundation for a VE's opinion is necessary since their "recognized expertise" already provides the foundation for their testimony. *Id.* at 3. Defendant argues that in the present case, the VE's testimony was detailed

concerning the sit/stand option issue; for example, the VE testified that one-third of fast food jobs provide a sit/stand option, such as a stool next to the drive-in window and that the occupation of ticket taker could be performed by an individual with a sit/stand requirement. *Id.* The ALJ further stated in his opinion that he was relying on the VE's testimony, which included these specific examples of occupations in which the plaintiff could sit/stand. *Id.* at 4. Defendant notes that the DOT contains the "maximum" requirements for each job, while a VE testifies to requirements in specific job settings. *Id.* at 3.

### 2. Other jobs

Defendant further contends that the ALJ could have stopped when he found that plaintiff was capable of performing her past relevant work; instead, although he had no such obligation, the ALJ "diligently" made an alternative finding that plaintiff could perform other work. *Id.* at 4. The defendant contends that the VE gave specific testimony regarding these occupations as well; for instance, the VE testified that she had conducted job analyses on the parking lot attendant, cashier and officer helper positions and found that parking lot attendants sit in a booth, that certain cashier jobs primarily involved sitting at the cash register, and that an office helper was primarily a sit-down job with flexibility. *Id.* at 4-5.

Defendant concludes by stating that the ALJ properly relied on the VE's "detailed and well-reasoned testimony" concerning the plaintiff's sit/stand limitations. The ALJ found that the VE's testimony regarding jobs plaintiff could perform to be consistent with the description in the DOT. Plaintiff describes the addition of the "sit/stand option" as inconsistent with the DOT's description of all jobs because no jobs in the DOT contain a sit/stand option. (AR 202). The court disagrees. The ALJ found that plaintiff was able to perform a "significant range of unskilled light work on a sustained basis." (AR 38). The ALJ called a VE to clarify the light jobs available that would allow a sit/stand option, as required by SSR 83-12. The VE's testimony was intended to, and did clarify, exactly what light or sedentary jobs plaintiff could perform given her sit/stand limitation. The VE further reduced the jobs available to take into account plaintiff's limitation. The ALJ found the VE's testimony regarding the jobs the VE described to be consistent with their

8

listing categories contained in the DOT, and the court agrees (*see* AR 39). A VE cannot change the categorization of a job as listed in the DOT. However, a VE can provide more specific information about jobs than the DOT. SSR 00-4p*3. Here, the VE found that plaintiff was able to perform light or sedentary jobs, and only described jobs that were consistent with these listing categories in the DOT and with plaintiff's limitations. The court finds that there is substantial evidence to justify the ALJ's reliance on the VE's testimony.

Further, even if the ALJ did err in not giving a more detailed explanation of why he was accepting the VE's testimony related to plaintiff's past jobs and the availability of a sit/stand option, it would not be necessary to remand. The ALJ gave a full explanation of the availability of other jobs in the national economy and the VE testified as to plaintiff's ability to perform such jobs. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042-43 (9th Cir. 2008). Thus, there is substantial evidence to support the finding that plaintiff can perform other jobs that exist in significant numbers in the national economy.

## V. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's decision was supported by substantial evidence and therefore recommends that plaintiff's motion for reversal be **DENIED** and defendant's motion to affirm be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal be **DENIED** and defendant's motion to affirm be **GRANTED**.

**DATED:** October 7, 2008.

_____
UNITED STATES MAGISTRATE JUDGE